■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOVONSA BARNES, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Goodman, J.), rendered July 25, 1990, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On January 14, 1989, the defendant and an unapprehended accomplice broke into a private residence in Kings Point, setting off an alarm at police headquarters. Within minutes, two police officers responded to the scene and confronted the burglars as they were leaving the residence with, among other thing, furs and jewelry in their possession. The residence was well-lighted, both inside and outside. As the defendant ran from the house, he came within about six feet of one of the officers, who recognized him as someone he had seen in the community during the past 11 years. The officer estimated that he had observed the defendant approximately 200 times and had spoken with him on perhaps 30 to 50 occasions.

On appeal, the defendant contends that the evidence was insufficient, as a matter of law, to establish his identity as one of the burglars and that the jury's verdict was against the weight of the evidence. Viewing the evidence adduced at trial in a light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

The defendant's remaining contention is unpreserved for appellate review and, in any event, is without merit (see, People v Whalen, 59 NY2d 273). Mangano, P. J., Sullivan, Harwood and O'Brien, JJ., concur.